UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANNY R. GARCIA,<br>Petitioner,<br>v.<br>LOUIS GARNICA,<br>Respondent. | Case No. 2:26-cv-0085-DJC-JDP (P)<br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner, a state prisoner, filed this section 2254 action seeking federal habeas relief. After review of the initial petition, I found that the claims appeared time-barred insofar as they stemmed from a 2004 conviction. ECF No. 7. I gave petitioner leave to amend, and he has filed an amended petition, ECF No. 9. After review of that petition, I find that the same deficiency remains, and I now recommend that this action be dismissed as untimely.

The petition is before me for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases. Under Rule 4, the judge assigned to the habeas proceeding must examine the habeas petition and order a response to the petition unless it "plainly appears" that the petitioner is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019); *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998).

The petition is untimely because the conviction it attacks a conviction that occurred more than twenty years ago, in 2004. ECF No. 9 at 1. Thus, I conclude that the petition is time-barred by the one-year statute of limitations in the Anti-Terrorism and Effective Death Penalty Act. 28 U.S.C. § 2244(d)(1). Petitioner does vaguely allege that he is "actually innocent," a showing that, if made credibly, would allow consideration of his claims. ECF No. 9 at 3. The petition fails, however, to present any new evidence supporting his claim of actual innocence. *See Schlup v. Delo*, 513 U.S. 298, 324 (1995) ("To be credible, such a claim [for actual innocence] requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial."). I find that, because petitioner cannot show that any of his claims are timely, the petition should be dismissed without leave to amend as untimely.

Accordingly, it is RECOMMENDED that the amended petition, ECF No. 9, be DISMISSED without leave to amend as untimely.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: September 29, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE